**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIETTA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-4090 |
| | ) | |
| v. | ) | |
| | ) | |
| LORETTO HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |

COMPLAINT

Plaintiff, MARIETTA JACKSON, by and through her attorney, for her Complaint against defendant, LORETTO HOSPITAL, alleges as follows:

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this case arises under the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601 et seq., (the "FMLA") and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 (the "ADA").

2. Plaintiff MARIETTA JACKSON (hereinafter "JACKSON") was employed by LORETTO HOSPITAL from December 12, 2011 to July 9, 2014.

3. LORETTO HOSPITAL is an Illinois corporation (hereinafter "LORETTO").

4. JACKSON was employed as a Medical Records Technician at LORETTO.

5. On February 25, 2014, JACKSON suffered an injury while working at LORETTO when she fell up the stairs and injured the right side of her body, including her leg, hips, and back.

6. Thereafter, JACKSON underwent treatment for her injuries. She sought to have LORETTO pay for this medical treatment, as was her right under the Illinois Worker's Compensation Act.

7. JACKSON took time off work from April 16, 2014-July 8, 2014, as was her right under the Illinois Worker's Compensation Act and the FMLA.

8. JACKSON's doctor released her back to work with restrictions as of July 9, 2014.

9. On July 9, 2014, LORETTO told her it could not accommodate her restrictions and terminated her.

10. Despite LORETTO's claims, JACKSON *was* able to do the essential functions of her position and should have been allowed to return to work: she had a desk job which consisted of analyzing patients' charts.

11. By failing to allow JACKSON to return to her job, LORETTO interfered with her rights under the FMLA.

12. LORETTO fired JACKSON for one or more of the following reasons:

   a. Because it refused to accommodate her restrictions in violation of the Americans with Disabilities Act;

   b. Because it perceived her as disabled in violation of the Americans with Disabilities Act;

   c. Because she had taken time off work to which she was entitled under the FMLA; and/or

   d. Because she had sought worker's compensation benefits to which he was entitled, in violation of the Illinois common law prohibition on retaliatory discharge.

13. Plaintiff has lost earnings, salaries and benefits as a result of her unlawful termination.

14. These losses continue and are reasonably certain to continue in the future.

15. Plaintiff has suffered loss of a normal life and emotional distress as a result of his unlawful termination.

16. These losses continue and are reasonably certain to continue in the future.

17. LORETTO's conduct necessitates the awarding of punitive damages to punish it for its actions and deter both it and other employers from taking such actions in the future.

18. Plaintiff has retained an attorney to help her vindicate her rights.

WHEREFORE, plaintiff MARIETTA JACKSON requests that judgment be entered against defendant LORETTO HOSPITAL and that he be awarded all remedies to which she is entitled, including but not limited to

1) The value of time, earnings, salaries and benefits lost and the present cash value of the time, earnings, salaries, and benefits reasonably certain to be lost in the future;

2) Compensation for loss of a normal life experienced and reasonably certain to be experienced in the future; (under the ADA and the common law tort of retaliatory discharge only);

3) Compensation for emotional distress experienced and reasonably certain to be experienced in the future (under the ADA and the common law tort of retaliatory discharge only);

4) Punitive damages (under the ADA and the common law tort of retaliatory discharge only);

5) Liquidated damages (under the FMLA only);

6) Attorney's fees (under the FMLA and ADA);

7) Costs of suit; and

8) Pre-judgment interest.

## PLAINTIFF REQUESTS TRIAL BY JURY

                              Respectfully submitted,

                           BY:  __Julie O. Herrera_____
                                Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812